UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 4:12-CV-40037-TSH

| | |
|---|---|
| KAI KUNZ, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HAVERHILL POLICE | ) |
| DEPARTMENT, ET AL, | ) |
|     Defendants, | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now comes Plaintiff, Kai Kunz, in the above captioned matter and hereby serves his Opposition to Defendants' Motion to Dismiss. [Document 18] Plaintiff has attached as Exhibit "A", his [proposed] First Amended Complaint, which narrows the named defendants and sets forth short and plain statements of facts and specific claims against the named defendants which satisfies the pleading requirements under Fed. R. Civ. P. Rule 8(a)(2).(see, Attached Ex. "A") The amended complaint adds Plaintiff, William XI Properties Series, LLC, plaintiff's corporation, which is involved in this case, and which acted through Plaintiff, Kai Kunz.

**II. Statements of Facts:**

As a factual basis for their opposition, plaintiffs' hereby adopt, repeat and reallege the factual allegations contained in Plaintiffs' First Amended Complaint, as if herein stated. (See, Attached Ex. "A") Plaintiff will seek leave of court to move to file plaintiffs' first amended complaint, which would add and subtract certain named defendants and claims, and if the court finds plaintiffs' allegations and claims set forth satisfy the pleading requirements of Fed. R. Civ.

P. Rule 8, would ask that this case be allowed to proceed to a trial on the merits. (see, Fed. R. Civ. P. Rule 15(c) and (d)).

**III. Argument:**

    **A. Legal Standard:**

Plaintiff argues the facts and allegations contained in Plaintiffs' First Amended Complaint sets for a short and concise statement of plausible claims that certainly satisfy the pleading standards contained in Fed. R. Civ. P. Rule 8. Recently the First Circuit affirmed the United States Supreme Court holding in *Swierkiewicz v. Sorema,* 534 U.S. 506, 508 (2002), that the disconnect between a prima facie case and the rule of pleading remains good law. (see, *Rodríguez-Reyes v.Molina-Rodriguez*, 711 F.3d 49, 54, n. 3 (2013). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. (see, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Plaintiff argues they have satisfied this standard and asks this court to deny defendants' motion to dismiss.

    **B. Plaintiff's Amended Complaint Complies with Fed. R. Civ. P. Rule 8:**

Plaintiff argues that he has set forth sufficient specific factual averments to support his specific claims for constitutional violations against necessarily identified and added defendants, under the Fourth, Fifth, Sixth and 14th Amendments to the United States Constitution, MCRA violations, malicious prosecution, abuse of process, false arrest, Monell liability under s.1983, supervisory liability, violation of M.G.L.A. c.93A s. 11, intentional and negligent infliction of emotional distress and defamation.

A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *(*see, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948, 1949 (2009)  Plaintiff has to the greatest extent possible at this stage of the litigation has plead each Government-official defendant's conduct, through the official's own individual actions, and it's link or relationship to plaintiff's harm, additionally claiming a supervisor's knowledge of a subordinate's unconstitutional conduct and deliberate indifference to that conduct or at least knowingly acquiescing, are grounds for liability under 42 U.S.C. s.1983.

**C.  Detective Bennedetti is Not Entitled To Qualified Immunity:**

Plaintiff argues that Defendant DB, nor Defendants' DR, CD and LT, are not protected by the doctrine of qualified immunity under the circumstances of this case. Plaintiff has satisfied the three part test to defeat defendants' claims of qualified immunity  in that defendants' alleged conduct amounts to constitutional violations which were clearly established at the time and, a reasonable official similarly situated would understand that their conduct violated the clearly established rights. (see, *Valdizan v. Rivera-Hernandez*, 445 F.3d. 63, 64 (1st Cir. 2006)). Plaintiff's factual averments alleges much more than a mere failure to investigate, rather, they demonstrate a knowing and deliberate disregard of plaintiff's clearly established criminal procedure rights under the Fourth, Fifth, Sixth Amendments and his liberty and property rights under Fourteenth Amendments to the United States Constitution.

Plaintiff alleges the facts as initially discovered by defendants' did not constitute probable cause to arrest plaintiff.  Plaintiff claims, to various extents, defendants' knowingly conspired with the Haverhill Police and the Northbridge Police, and each other, to interview

plaintiff on October 18, 2011, at approximately 10:00 p.m., without being mirandized or videotaped as he requested, and without counsel or an opportunity to confront his accuser(s) or the objectively false testimonial evidence offered and caused plaintiff to suffer a loss of his constitutionally protected liberty rights through an unlawful emergency involuntary mental health admission to Milford Hospital, falsely claiming plaintiff to be dangerous to himself or others to justify the Northbridge Police's emergency petition at approximately 10:30 p.m., on October 18, 2011.(see, *Saunders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992)).

Plaintiff avers defendants' conduct of false arrest, the unsupported emergency mental health hospitalization without due process, custodial police interrogation without Miranda rights or confrontation rights and, initiating criminal action against him without probable cause, and for an ulterior motive, violated clearly established statutory authority and constitutional rights of which a person would have known.(see*, Rolden-Plumy v. Cerezo-Suarez*, 115 F.3d 58, 65 (1st Cir. 1997); see also, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiff also claims this conduct represents unfair and deceptive acts in trade or commerce, and is also the basis for his added claims pursuant to M.G.L.A. c.93A s.11, against defendants.

### D.  Municipal Liability:

Plaintiff alleges a direct causal link between the municipal custom and policy of deliberate indifference to the commission of constitutional violations and the constitutional deprivations suffered in this case and the alleged municipal actions constituted an unconstitutional policy or custom, attributable to the City. (see, *Young v. City of Providence*, 404 F.3d 26, (1st Cir. 2005)). The actions taken by these defendants was a deliberate choice to follow

a course of action by officials responsible for establishing policy in this matter and the course of conduct was so well settled and widespread that policymaking officials had actual or constructive knowledge of it yet did nothing to end the practices. (see, *Baron v. Suffolk County Sherriff's Dept.*, 402 F.3d 225, 236 (1st Cir. 2005)).

Plaintiff alleges that the Haverhill Police Department, and it's employees unconstitutional enforcement of the policies and customs of the Haverhill Police Department, municipal officials and supervisory employees acquiescence in violations of plaintiff's clearly established constitutional rights. Plaintiff has set forth facts to establish a plausible basis that such unconstitutional acts by defendants' were caused by a policy or custom of the Haverhill Police Department, and/or City of Haverhill, including a policy or practice of ignoring officers' constitutional misconduct and whitewashing citizen complaints and, through its' deliberate conduct in this regard, the municipality was the moving force behind plaintiff's injury and the deprivation of his constitutional rights, and supervisory defendants' displayed continued inaction in the face of documented widespread abuses. *(see, Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948, 1949 (2009)("A supervisor may be liable under 42 U.S.C. § 1983 for his or her subordinate's unlawful conduct if he or she directed, encouraged, tolerated, or acquiesced in that conduct). Plaintiff argues that in certain cases, such as the case at bar, a supervisor's mere knowledge of his subordinate's unconstitutional and discriminatory purpose, amounts to the supervisor's violating the Constitution. (See *Sanchez v Pereira-Castillo*, 590 F3d 31, 49 (1st Cir 2009)). Plaintiff further avers that the amended complaint sets forth each claim, which satisfies the requirements of individual liability for each defendant, regardless of supervisory position *(see, Liberty And Prosperity 1776, Inc. v. Corzine*, 720 F.Supp.2d 622, 628, 629 (D. N.J. 2010)(*Iqbal,* does not abandon constitutional liability for supervisors' decisions regarding policies implemented by subordinates).

**Conclusion:**

For the foregoing reasons and the reasons set forth in Plaintiffs' First Amended Complaint plaintiff asks that defendants' motion to dismiss be denied.  Plaintiff respectfully asks this court to exercise it's discretion to dismiss, the case against Defendants, Anthony Benedetti, Defendant Flynn and Defendant Cox and permit the plaintiff the opportunity to conduct reasonable discovery and reasonably seek any further needed amendments within the time set by Scheduling Conference.

**REQUEST FOR HEARING**

                      Respectfully submitted,
                      Plaintiffs',
                      By their  attorney,

                      /s/ David E. Ashworth, Esq.
                      _____
                      David E. Ashworth, Esq.
                      11 Pleasant Street
                      Worcester, MA 01609
                      (508) 753 9199
                      BBO# 549850

**CERTIFICATION UNDER LOCAL RULE 5(2)(b)**

I hereby certify that the foregoing, **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,** was e-filed in accordance with Local Rule 5(2)(b), this 3rd day of February, 2014.

                      /s/ David Ashworth
                      _____
                      David E. Ashworth, Esq.

## CERTIFICATION OF SERVICE

I, David Ashworth, Esq., hereby certify that a true copy of the foregoing, **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**, was served upon defendants' counsel, Michele E. Randazzo, Esq. Kopelman & Paige, P.C., 101 Arch Street, Boston, MA 02110-1109, by e-file and by telefax and mail this 3rd day of February, 2014.

/s/ David E. Ashworth
_____
David E. Ashworth, Esq.